**Al C. GRIFFITH and Robin T. Griffith, Appellants,**

v.

**PECAN PLANTATION OWNERS ASSOCIATION, INC., Appellees.**

No. 2–83–135–CV.

Court of Appeals of Texas, Fort Worth.

March 8, 1984.

Johnson, Blakeley, Johnson, Smith, Abbey & Clark, and Joe B. Abbey, Dallas, for appellants.

Ralph H. Walton, Jr., Granbury, for appellees.

Before HUGHES, ASHWORTH and HILL, JJ.

## OPINION

HUGHES, Justice.

Al C. Griffith and his wife, Robin T., have appealed the granting of a summary judgment wherein the court issued a permanent mandatory injunction ordering the Griffiths to remove a water well and any related structures from their lot in the Pecan Plantation subdivision in Hood County, Texas. The Pecan Plantation Owners Association brought the suit to enforce a restrictive covenant filed by Republic Land Company d/b/a Pecan Plantation.

We affirm.

The pertinent provisions of the restrictive covenant relied upon by the Owners Association are as follows:

No water wells shall be drilled upon any lot so long as water for domestic use shall otherwise be available to the owners of said lots, but nothing herein shall be construed to prohibit Dedicator or its assignee or nominee from drilling and equipping a well or wells on any property located in or near the subdivision for the purpose of supplying water to the owners of any lots.

■ The motion for summary judgment was filed February 15, 1983 and a hearing on the motion was set for March 29, 1983. The day before the hearing, the Griffiths filed a memorandum of law and one controverting affidavit. The court refused the untimely filings as it was within his discretion to do. *See Rhodes v. City of Austin,* 584 S.W.2d 917 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). The Griffiths have not assigned any points of error addressing the trial court's refusal to consider the untimely filed papers. We therefore can only consider whether the movant's summary judgment proof is legally insufficient. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

■ In their second, third and fourth points of error, the Griffiths allege that the trial court erred in granting the motion for summary judgment because a question of fact was raised by the Griffiths' denial that water was being supplied to their property. They also claim there are questions of fact raised as to whether or not water was available due to the prohibitive cost charged by the utility company and whether water had been continuously available since 1977 when the Griffiths purchased the property.

In order for the Owners Association to establish their right to an injunction, there must be a showing of a distinct and substantial breach of the restrictions and a showing that the Griffiths bought their lots with actual or constructive knowledge of the restrictions and covenants. *Protestant Episcopal Church Council v. McKinney,* 339 S.W.2d 400 (Tex.Civ.App.—Eastland 1960); *Curlee v. Walker,* 112 Tex. 40, 244 S.W. 497 (1922).

In support of its motion for summary judgment the Owners Association relied upon the Griffiths' answers to request for admissions and the affidavits of Art Moulton, President of Pecan Plantation Owners Association, Inc.; Jesse Graham, General Manager of Tarrant Utility Company; Anjanette Ables, County Clerk of Hood County, Texas; R.W. Leonard, President of Republic Land Company; and Ralph H. Walton, Jr., attorney for the Owners' Association.

■ In their answers to the first request for admissions the Griffiths admitted the genuineness of all the deeds in their chain of title to their lots and the genuineness of the Declarations of Restrictions and Covenants for Pecan Plantation. These deeds and restrictions were before the court through the affidavit of Anjanette Ables, the County Clerk for Hood County. R.W. Leonard stated in his affidavit that it was the intent of the developer to establish a general plan and scheme for the development of Pecan Plantation that would insure the development of a recreational and residential subdivision of high standards. He also stated that the developer specifically included the restriction against the drilling of a water well upon any lot so long as water was otherwise available for domestic use; that is house or household use.

The Griffiths also admitted that after their purchase of the lots in Pecan Plantation, they had a water well drilled on their property and that at the time the well was drilled, they were receiving water service from Tarrant Utility Company. Jesse W. Graham, the General Manager of Tarrant Utility Company stated in his affidavit that water service was made available to the lots owned by the Griffiths on or about April 21, 1978 in the customer name of Construction Arts and thereafter in the name of Al Griffith on or about April 7, 1980. He further stated that the service to that particular lot had been continuous since April 21, 1978.

The Griffiths failed to file a response to the motion for summary judgment and filed no controverting affidavits. They try to raise fact issues from the evidence presented on behalf of the Owners Association. The evidence Griffith is relying on to raise a fact issue is the denial in their request for admissions that water was in fact being supplied to his property. The only denial we find in the answers to the request for admissions was the fact that Tarrant Utility Company began providing water service to the Griffiths' property on or about the month of May, 1978. As this court has stated before, denials to request for admissions are not proper summary judgment evidence. *Denton Constr. Co. v. Mike's Elec. Co.*, 621 S.W.2d 846 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.). The party opposing the motion for summary judgment may not use his answers to request for admissions to defeat the motion on the grounds they raise a material fact issue because such admissions are only admissible against the party filing same. *Fort Bend Indep. Sch. Dist. v. Weiss*, 570 S.W.2d 241 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ).

██ The Griffiths also make the claim in their brief that due to the unreasonableness of the water rates, the water was not "available." Although reasonableness of the water rates may be a factor to consider in determining the availability of water, there was no summary judgment evidence raising the unreasonableness of the water rates. Graham stated that water had been available since April 1978 and there was no controverting evidence to this statement. The only place where the reasonableness of the water rates was raised was in the Griffiths' pleadings and it is well established that pleadings do not constitute summary judgment evidence. *City of Houston v. Clear Creek Basin Authority, supra* at 678.

██ By virtue of the summary judgment proof, the Owners Association established the Griffiths had knowledge of the restrictions on their land and that they committed a substantial breach of those restrictions. The trial court's actions were proper in granting the injunctive relief. The second, third and fourth points of error are overruled.

██ The Griffiths asserted in their first point of error that the Association made no showing that it was authorized to initiate this cause of action. There were no verified pleadings filed as required by TEX.R. CIV.P. 93(1), challenging the Association's authority to maintain the suit. This ground of error is not properly before us. *Kriegel v. Scott*, 439 S.W.2d 445 (Tex.Civ. App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.).

Affirmed.