Delanie HOWELL, Individually and as Administrator of the Estate of Robert Howell, Deceased, Appellant,

v.

CITY TOWING ASSOCIATES, INC., Appellee.

No. 04–86–00050–CV.

Court of Appeals of Texas, San Antonio.

Sept. 17, 1986.

Rehearing Denied Oct. 13, 1986.

George Scharmen, E. Nicholas Milam, San Antonio, for appellant.

Mark R. Stein, James M. Hill, San Antonio, for appellee.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

BUTTS, Justice.

The negligence action below was brought against City Towing Associates, Inc., the City of San Antonio and two emergency medical technicians. The case against City Towing was severed, and the trial court granted summary judgment in its favor.

On April 27, 1984, 82 year old Robert Howell was in an automobile accident. He received treatment from Emergency Medical Services automobile technicians at the scene but signed a release declining further treatment by them, and he did not go to the hospital. A tow truck (City Towing) arrived to remove his automobile to his home. The tow truck driver's deposition in the record shows that a policeman at the scene directed the tow truck driver to give Howell a ride home at the same time. The elderly Howell suffered a cardiac arrest a few blocks after towing began. The driver contacted his dispatcher for assistance. An EMS ambulance and technicians arrived within a few minutes and removed Howell to the hospital. Howell died several days later.

Suit was brought by the widow, individually, and in her capacity as administratrix of Howell's estate. She based her negli-

gence action against City Towing on the driver's failure to provide immediate transportation to a hospital in close proximity. A supplemental petition was subsequently filed by the widow in the same capacity.

On October 11, 1985, City Towing filed its motion for summary judgment, stating it had not acted under the "Good Samaritan" law, TEX.REV.CIV.STAT.ANN. art. 1a (Vernon 1969).[1] Further, it denied remuneration had been accepted for the ride or for aid rendered. Summary judgment hearing was set for November 4, 1985. On October 28 plaintiffs' second amended petition was filed as well as plaintiffs' response to the motion for summary judgment. Additional plaintiffs had been added: the deceased's two sons, Robert, Jr. and Jim. Further, plaintiffs alleged an additional and new basis for a claim: that City Towing was a common carrier. On motion by City Towing on the day of hearing, the trial court, for the purpose of summary judgment consideration, struck the widow's response as not timely filed but excepted that response by the sons. The court also disregarded the second amended petition, "save and except that portion which included [the two sons]" as plaintiffs. If upheld, the summary judgment would thus foreclose the cause of action alleged by all the plaintiffs named in the original, supplemental, and amended petitions.

■ We hold the trial court did not abuse its discretion in refusing to consider the widow's response which was not timely filed. *Yates v. Equitable General Ins. Co.*, 672 S.W.2d 822, 827 (Tex.App.—Houston [1st Dist.]), *aff'd*, 684 S.W.2d 669 (Tex. 1984). *Griffith v. Pecan Plantation Owners Ass'n.*, 667 S.W.2d 626, 627 (Tex.App.—Fort Worth 1984, no writ). Moreover, under summary judgment practice the pleadings (here second amended original petition) do not constitute summary judgment evidence. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166-A.

In so holding we overrule the first point of error: that the trial court erred in striking the response as untimely filed and in not considering the late-filed pleadings.

The court in *City of Houston v. Clear Creek Basin Authority, supra,* at 678, however, cautioned that the trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary proof is legally insufficient. The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court. The summary judgment proof must establish, as a matter of law, there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex.1970).

The second point of error is that the court erred in granting the summary judgment because there is a genuine issue of material fact as to City Towing's liability to the plaintiffs. City Towing must demonstrate its lack of liability as a matter of law to be entitled to the summary judgment.

To be liable City Towing must have owed a legal duty to the deceased, Howell, and in performing the duty, or failing to perform the duty, City Towing must have acted negligently. What was that duty, if it did exist? There is no dispute that the driver of the wrecker was the employee of City Towing and within the scope of his employment on this occasion. Summary judgment evidence shows the ride was given to Howell at the instigation of the police officer at the accident scene and towing charges were paid after the car was delivered.

## GOOD SAMARITAN STATUTE

The "Good Samaritan" statute, *supra,* provides:

> No person shall be liable in civil damages who administers emergency care in good faith at the scene of an emergency for acts performed during the emergency unless such acts are willfully or wanton-

---

**1.** Section 1 of Acts 1985, 69th Leg., ch. 959 repealed TEX.REV.CIV.STAT.ANN. art. 1a, b and enacted TEX.CIV.PRACT. & REM. CODE 74.001 (Vernon 1986).

ly negligent; provided that nothing herein shall apply to the administering of such care where the same is rendered for remuneration or with the expectation of remuneration or is rendered by any person or agent of a principal who was at the scene of the accident or emergency because he or his principal was soliciting business or seeking to perform some services for remuneration. [*See* F.N. 1]

The deposition evidence of the driver showed that the officer directed the driver to give the deceased a ride home as the wrecked car was delivered. The driver also stated that there was no charge for the ride, that it was "free." He admitted that City Towing sometimes gave car owners rides in connection with the towing of their disabled cars.

When the driver became aware that the deceased was suffering from what he termed a "stroke," he immediately called his dispatcher, as he had been trained to do. He did nothing further. The record reflects an EMS unit arrived three minutes after it received the call. Another unit arrived minutes later and assisted the first. The driver stated he did not provide any care by way of mouth-to-mouth resuscitation or any other method. He stated he had no knowledge of emergency care measures. He stated he was trained only to call his dispatcher.

■ The "Good Samaritan" statute does not mention the legal term "duty." Rather, it is designed to offer protection to the person who *voluntarily* administers emergency care. It does not define "emergency care." It specifically excepts from protection the person who renders emergency care as the result of remuneration or expected remuneration for "services." In examining the acts of the driver, we can find no act of administering emergency care by him. We can find no basis in law for a determination that a person who calls his dispatcher to notify EMS is performing *emergency care as contemplated by the Good Samaritan statute.* We hold that the telephoning or radioing for EMS assistance at the scene of an accident or emer-

gency by the driver was not an act included within the meaning of "administering emergency care" as set out in the statute. Therefore, we find that City Towing through its driver did not administer emergency care under the "Good Samaritan" statute. That statute is therefore inapplicable in this case.

This is a summary judgment action; usually a question of negligence will preclude summary judgment. However, there can be no liability if the defendant has not breached a duty owed to the plaintiff. *Abalos v. Oil Development Co. of Texas*, 544 S.W.2d 627, 631 (Tex.1976). The action or omission complained of must be wrongful in the sense such action or omission involves the breach of some legal duty which the alleged wrongdoer owes to the injured party at the time the injury was inflicted. *Webb v. City of Lubbock*, 380 S.W.2d 135, 136 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.). Whether or not a legal duty does exist under a given state of facts and circumstances is essentially a question of law to be determined by the court. *Id.*

Specific allegations considered by the trial court were that City Towing was negligent "in failing to take deceased Robert Howell to the hospital merely two blocks away at the time of the seizure," and that City Towing was grossly negligent because its policy was "its employees would refrain from taking people such as the decedent to the hospital when the same was only two blocks away in preference to a policy of merely stopping a vehicle and calling the emergency medical service."

The question of law before the trial court was whether City Towing had any legal duty to the passenger. Absent breach of the legal duty, an essential element of the cause of action, there could be no cause of action based upon the alleged nonfeasance.

## CARRIER

A common carrier of passengers is one that solicits and operates a public passenger transportation service. It may be a

licensed firm, corporation, or establishment and includes any vehicle so employed. Plaintiffs claim that City Towing is a common carrier as defined under the public health statutes, TEX.REV.CIV.STAT. ANN. art. 4477–1 (Vernon 1976) (Supp. 1986). Defendants say that City Towing is merely a "motor carrier" of goods, not passengers. TEX.REV.CIV.STAT.ANN. art. 911b (Vernon 1964 and Supp.1986). It has been noted that the definition of common carrier includes railroads, buses, airplanes, taxis, street cars, and other vehicles. *Comment, First Aid to Passengers: Good Samaritan Statutes and Contractual Releases From Liability*, 31 S.W. L.J. 695, 696 (1977).

■ It is plain that a wrecker service company does not operate a passenger service open to all the public. While City Towing is a carrier, its business is to transport for hire disabled or wrecked vehicles and not passengers. There is no question but that it is a contract carrier for hire, but that it is not *obligated* to transport any passengers, even the owners of the towed vehicles.

That public common carriers [i.e. trains, buses, airlines] owe passengers the duty to exercise the highest degree of care in the operation of the conveyance and in the boarding and alighting of passengers is a well-settled rule. *Bragg v. Houston Electric Co.*, 264 S.W. 245, 249 (Tex.Civ.App.— Beaumont 1924), *aff'd* 276 S.W. 641 (Tex. Comm'n App.1925, judgmt adopted). A lower standard of care is required of the same common carrier, however, when passengers become ill. This is because illness, unlike the conveyance of passengers, is not within the control of the carrier. *See*, ANNOT., 92 A.L.R.2d 653, 661 (1963). Therefore, even if City Towing had been a common carrier of passengers, which it was not, the standard of care to be applied in an emergency care situation arising from illness of a passenger would be that of an ordinary and reasonable person in the same or similar circumstances.

The facts in *Sullivan-Sanford Lumber Co. v. Watson*, 106 Tex. 4, 155 S.W. 179 (1913) were that a private carrier for hire (lumber company's railway) accommodated only those who worked on the train and for the company. It did not usually carry passengers but occasionally did give some rides to strangers, issuing permits or passes to them for the ride. The lumber company had contracted to issue Watson a pass to ride the line, but by the customary terms of its pass, it exempted itself from liability for injuries suffered by Watson as a passenger. Watson was killed when the train was in a wreck. The court stated that Watson had no right to ride upon that train since the company owed him no duty of carriage. The public had no concern in this private matter; therefore, the contract limiting the company's liability was permissible. There could be no recovery as the passenger had contracted away any claim. The court noted the established rule that public policy forbids a public common carrier from enforcing this kind of contract.

In the instant case Howell, the deceased, had no right to ride in the wrecker as a passenger; City Towing, not a public common carrier of passengers, had no obligation to accept him as a passenger. But City Towing accepted him as a passenger incident to its carrier contract (towing the automobile).

The cardiac arrest suffered by Howell occurred within the confines of the tow truck. The driver did not by chance happen upon the deceased as he walked along the street after the accident and witness the onset of the heart attack. In that instance it is clear that the driver would have had no legal duty to take any action to assist Howell in any regard. *See*, RESTATEMENT (SECOND) OF TORTS § 314 (1965).

■ Section 314A of the RESTATEMENT (SECOND) OF TORTS points out that a *special relationship* may give rise to the duty to aid or protect. The relationship must exist between the parties, and the risk of harm, or of further harm, must arise in the course of that relationship. We hold that the special relationship which existed between City Towing and Howell

was that of a contract carrier and passenger who paid for the tow of his wrecked automobile. Under those circumstances there existed the duty to give aid to one who became ill due to natural causes. But the duty was only one to exercise reasonable care under the circumstances. Section 314A(d)(e). *See, Applebaum v. Nemon*, 678 S.W.2d 533, 536–37 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

Plaintiffs argue that City Towing was negligent in failing to take Howell to the hospital immediately instead of calling the dispatcher for EMS. Was the action of the driver an exercise of reasonable care under the circumstances? We do not decide that question in this summary judgment proceeding. We do not here suggest that City Towing acted negligently. We simply ask, when confronted with an emergency, did the driver act as a person of ordinary prudence would have acted. This is a question of fact. When deliberating a "sudden emergency" point, the fact finder may conclude that conduct which in other circumstances would be unreasonable or imprudent is not so in emergency situations. *Del Bosque v. Heitmann Bering-Cortes Company*, 474 S.W.2d 450, 453 (Tex.1971).

We therefore hold that plaintiffs' petition was sufficient to state a cause of action against City Towing. Summary judgment was thus inappropriate as there remain material fact issues to be presented to the factfinder as to whether city Towing failed to exercise reasonable care under the circumstances.

The judgment is reversed and the case remanded for trial.