NUMBER 13-00-193-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



DORIS GRAF ELMER,                                                            Appellant,

 

                                                   v.

 

SPEED
BOAT LEASING, INC. 

AND PARADISE GULF CRUISES, INC.,                                    Appellees.

 

 



                        On appeal from the 103rd District Court

                                 of Cameron County, Texas.

 



 

                            DISSENTING OPINION

               ON MOTION FOR REHEARING EN BANC

 

                                  Before the
Court En Banc

                          Dissenting Opinion by
Justice Dorsey

 








This case presents an issue of first impression in this state.  The issue, broadly stated, is what standard
of care should apply when a passenger, who knowingly accepts a thrill ride on a
speed boat, sues over an injury suffered during the ride.  The majority holds that appellees, the
speed-boat operators, were acting as a common carrier at the time Elmer rode in
their boat, and therefore, are subject to a higher standard of care.  Because I find that appellees were not acting
as a common carrier and that Elmer accepted the risk, I would hold that the
trial court instructed the jury on the correct standard of care.  








A common carrier has been defined as "one who holds himself out
to the public as engaged in the business of transporting persons or property
from place to place, for compensation, offering his services to the public
generally."  BML Stage Lighting,
Inc. v. Mayflower Transit, Inc., 14 S.W.3d 395, 402 (Tex. App.BHouston [14th Dist.]
2000, pet. denied).  The law is well
settled that public common carriers owe passengers the duty to exercise the
highest degree of care in the operation of the conveyance and in the boarding
and alighting of passengers.  Howell
v. City Towing Assoc., Inc., 717 S.W.2d 729, 732 (Tex. App.BSan Antonio 1986, writ
ref=d n.r.e.); Bragg v.
Houston Elec. Co., 264 S.W. 245, 249 (Tex. Civ. App.BBeaumont 1924), aff'd,
276 S.W. 641 (Tex. Comm'n App. 1925, judgm't adopted).  The only Texas cases imposing a higher
standard of care on a motor vehicle operator involve common carriers.  Mount Pleasant Indep. Sch.
Dist. v. Estate of Lindburg, 766 S.W.2d 208,
212 (Tex. 1989).  Texas
courts base the decision to impose this heightened standard on the nature of
the business of carriage.  Id.  Those in the business of carrying passengers
and goods who hold themselves out for hire by the
public have the duties of a common carrier. 
Id. at 213.    

Here, Elmer=s ride was in the
nature of a thrill ride, that is, a fun, exciting ride in a speed boat.
Appellees are not in the business of carriage for hire as that term is
understood.  Their method of service is
different from public common carriers like trains, buses, taxis, and
airlines.  The latter are in the business
of carrying passengers and goods over routes of various lengths and distances
while appellees are concerned with moving people along a specified route and
returning them to the same point at which the ride began.








Further, prior to taking the ride, the boat=s captain gave Elmer a
safety lecture, which included the information that the ride was rougher at the
front of the boat.  Though Elmer had a
history of osteoporosis and had taken medication which weakened her skeletal
structure, she did not tell the captain, or the appellees, of this serious
medical condition, which leaves a person prone to spinal injury.  Rather, she decided to position herself
closer towards the bow where she knew she could experience a rougher ride.  Thus, she knowingly accepted the risk of spinal
injury.  Had she told appellees of her
medical condition, they could have taken steps to prevent her injury by seating
her in closer to the stern, traveling at a low speed to minimize the ride=s roughness, or they
could have forbidden her from riding in the boat altogether.  Morever, assuming that appellees were acting
as a common carrier in this case, a lower standard of care is required when
passengers become ill.  This is because
illness, unlike the conveyance of passengers, is not within the control of the
carrier.  Howell, 717 S.W.2d at 732.

I would hold that the trial court did not err by refusing to instruct
the jury that appellees owed Elmer more than ordinary care.  I would grant the motion for rehearing en
banc and affirm the trial court=s judgment.  For these reasons, I respectfully dissent.

 

 

 

______________________________

J.
BONNER DORSEY,

Justice

 

Publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and
filed

this 12th day of December,
2002.