MEMORANDUM OPINION




No. 04-07-00011-CV



SATTERFIELD AND PONTIKES CONSTRUCTION, INC.,


Appellant



v.



OVERLY DOOR COMPANY,


Appellee



From the 406th Judicial District Court, Webb County, Texas


Trial Court No. 2006-CVQ-001792-D4


Honorable Oscar J. Hale, Jr., Judge Presiding



Opinion by: Rebecca Simmons, Justice

 

Sitting: Catherine Stone, Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice


Delivered and Filed: September 12, 2007


AFFIRMED


 Satterfield and Pontikes Construction, Inc. ("S&P") appeals a no-evidence summary
judgment granted in favor of Overly Door Company. S&P asserts two issues on appeal contending:
(1) the trial court erred in granting the no-evidence motion for summary judgment before an adequate
time for discovery had passed; and (2) more than a scintilla of evidence was presented sufficient to
defeat the no-evidence motion. We affirm the trial court's judgment.

Background

 S&P was hired to construct a new high school in Laredo, Texas by United Independent
School District, ("UISD"). S&P subcontracted with Overly Door to provide fifteen acoustical doors
and three acoustical windows for the school's band room. S&P provided Overly Door with the
measurements and specifications for the doors and windows. Overly Door then manufactured the
doors and windows in Pennsylvania and shipped them to the construction site in Laredo, Texas. 
S&P hired another subcontractor to install the doors and windows. 

 On April 20, 2005, UISD filed suit against S&P for damages relating to the faulty
construction of the high school. On June 1, 2005, S&P filed a third-party petition against Overly
Door and thirty-six other subcontractors involved in the high school's construction. On June 8,
2006, twelve months after the third-party petition was filed, Overly Door filed a no-evidence motion
for summary judgment. On June 29, 2006, the trial court granted S&P a discovery continuance until
September 5, 2006, to enable S&P to take the depositions of the high school principal and a
custodian. S&P failed to file another discovery continuance before the hearing scheduled on
September 5, 2006, and the trial court granted a no-evidence summary judgment in favor of Overly
Door.

Discussion

 In its first issue, S&P contends that it did not have adequate time for discovery before the trial
court granted the no-evidence summary judgment. Rule 166a(i) states that a party may move for a
no-evidence summary judgment "[a]fter adequate time for discovery." Tex. R. Civ. P. 166a(i). Rule
166a(i) does not define the phrase "adequate time for discovery;" however, the rule does not require
that the discovery process be completed. In re Mohawk Rubber Co., 982 S.W.2d 494, 498 (Tex.
App.--Texarkana 1998, orig. proceeding).

 To preserve a complaint that a no-evidence summary judgment was premature, the party
claiming inadequate time for discovery must file either an affidavit explaining the need for further
discovery or a verified motion for continuance. Tenneco Inc. v. Enterprise Products Co., 925 S.W.2d
640, 647 (Tex. 1996); Willms v. Americas Tire Co., Inc., 190 S.W.3d 796, 807 (Tex. App.--Dallas
2006, pet. denied). Because S&P did not file an affidavit or a verified motion, S&P failed to
preserve its complaint for our review. Even if the complaint had been preserved, however, we would
uphold the trial court's ruling.

 We review a trial court's decision to deny a continuance for further discovery under an abuse
of discretion standard. In re ROC, 131 S.W.3d 129, 132 (Tex. App.--San Antonio 2004, no pet.). 
In determining whether an adequate time for discovery passed before a trial court entered a no-evidence summary judgment, appellate courts examine the: (1) nature of the case; (2) nature of the
evidence necessary to controvert the no-evidence motion; (3) length of time the case was active; (4)
amount of time the no-evidence motion was on file; (5) whether the movant requested stricter
deadlines for discovery; (6) amount of discovery already conducted; and (7) whether discovery
deadlines in place were specific or vague. Id.

 We, therefore, apply the foregoing factors to the instant case. The underlying lawsuit alleged
construction defects in the completion of a high school. In its first amended third-party petition filed
on November 29, 2005, S&P alleged that UISD specifically mentioned the problems with the doors
and windows supplied by Overly Door. Whether the damages claimed by UISD were related to the
manner in which the doors and windows were manufactured, as opposed to the manner in which they
were installed or some other cause, is the type of evidence that S&P should have been able to elicit
from UISD during the fourteen months the lawsuit was on file. (1) At the first hearing on the motion,
S&P was given an additional two months for discovery. Numerous depositions were taken prior to
the hearing on the no-evidence motion, including the deposition of Marion Songer, S&P's corporate
representative in charge of the construction of the high school. Songer stated that he had no
complaints about the doors and windows supplied by Overly Door. Therefore, having reviewed the
factors to be considered in determining whether an adequate time for discovery passed, we conclude
that the trial court did not abuse its discretion in determining that S&P had adequate time for
discovery. 

 In its second issue, S&P contends that the evidence it presented was sufficient to raise a
genuine issue of material fact. To defeat a no-evidence summary judgment motion, the nonmovant
is required to produce summary judgment evidence raising a genuine issue of material fact. Fort
Worth Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94, 99 (Tex. 2004). The nonmovant raises a
genuine issue of material fact by producing more than a scintilla of evidence establishing the
challenged element's existence. Id. 

 In its argument, S&P relies heavily on a purchase order between S&P and Overly Door. 
Although S&P attached a copy of the purchase order to its third-party petition, attachments to
pleadings do not constitute summary judgment evidence. (2) King v. Wells Fargo Bank, N.A., 205
S.W.3d 731, 735 (Tex. App.--Dallas 2006, no pet.); Howell v. City Towing Assocs., Inc., 717
S.W.2d 729, 731 (Tex. App.--San Antonio 1986, writ ref'd n.r.e.). Furthermore, although S&P's
purchase order states that Overly Door will indemnify S&P for damages "arising out of [its]
products," S&P failed to produce any evidence to establish that the damages for which S&P was
being sued related to or arose out of the products manufactured by Overly Door. In fact, as
previously noted, Songer, S&P's corporate representative in charge of the high school's construction,
stated in his deposition that S&P did not have any complaints with the doors or windows supplied
by Overly Door and acknowledged that Overly Door did not install the windows or doors. 
Therefore, even if the purchase order was admitted into evidence, S&P has not shown that the claims
by UISD are related to or caused by the doors and windows supplied by Overly Door.

Conclusion

 The trial court's judgment is affirmed.


 Rebecca Simmons, Justice
1. Overly Door's motion was not filed until fourteen months after the lawsuit was originally filed, and twelve
months after the third-party petition was filed.
2. Overly Door attached a copy of the purchase order to its traditional motion for summary judgment; however,
Overly Door passed on the traditional motion at the hearing, and the motion was not considered by the trial court.