**Hoover GATES, Jane Gates and Sheridan Gates, Appellants,**

v.

**The DOW CHEMICAL COMPANY, Appellee.**

**No. C14–87–987–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 13, 1989.

Rehearing Denied Aug. 24, 1989.

A. Glenn Diddel, III, Houston, for appellants.

J. Greg Dow, Pete Andarsio, Houston, John W. Phillips, Huntsville, John M. Zukowski, James Moore, Robert C. Williams, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION ON REHEARING

PAUL PRESSLER, Justice.

The trial court vacated its order granting the appellants a new trial. Its ability to do so is questioned. We affirm.

In March of 1984 appellants sued for injuries they claim they sustained from exposure to chemical toxins while living in a newly constructed log home. Appellants

claim the toxins were from two sources: (1) sour gas blowouts and hydrogen sulfate emissions from a nearby gas sweetening plant and (2) pentachlorophenol, a wood preservative applied to the logs used in constructing the log home. Appellee was joined in the suit in August of 1985. In February of 1986, appellee filed a motion for summary judgment. Several defensive theories were presented. Only one of them (product identification) is at issue here. In March of 1986 appellants were granted a continuance. In July of 1986 a hearing on the motion for summary judgment was held and appellants failed to appear. The trial court withheld ruling on the motion for summary judgment until appellants were given another opportunity to respond.

Some attorney's then left the law firm which appellants had retained. The lead attorney, who left, withdrew as counsel in August of 1986. He was later retained to oversee the case at his new firm.

■ In November of 1986 the appellants were given until January 30, 1987 to respond to appellee's motion for summary judgment. Several avenues of discovery were then pursued. Appellants filed a response to the motion for summary judgment on January 30, 1987. Attached to the response were answers to a request for admissions from a federal lawsuit in Kansas. Despite the discovery, the appellants were unable to identify appellee as the manufacturer of the pentachlorophenol used to treat the logs in appellants' home. Not only were the answers to the attached request for admissions from a totally separate lawsuit, they were answered by the co-defendant, Chapman Chemical Company. It is not known whether the appellee was a party to that lawsuit. Answers to requests for admissions are admissible only against the party filing them. *Griffith v. Pecan Plantation Owners Association, Inc.*, 667 S.W.2d 626 (Tex.App.—Fort Worth 1984, no writ); *Fort Bend I.S.D. v. Weiss*, 570 S.W.2d 241 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

At the hearing of February 10, 1987, Judge Erwin Ernst granted summary judgment for the appellee. The judge obviously and properly did not consider the answers to the request for admissions from the Kansas lawsuit. On March 11, 1987 appellee moved for severance to obtain a final judgment. On April 10, 1987 appellants filed their response to the motion to sever. Attached to the response were affidavits by representatives of the two co-defendants. On July 13, 1987 the hearing was held and severance was ordered.

Appellee filed a timely motion for new trial on August 11, 1987. See Tex R.Civ.P. 329b. A hearing on the motion was held on Monday, September 28, 1987 before Judge Jerry Sandel although the seventy-five day period set forth in Rule 329b expired on Saturday, September 26, 1987. At the hearing Judge Sandel granted the motion for new trial. On October 13, 1987 appellee filed a motion to reconsider. Maneuvering between the appellants and appellee resulted in recusal of Judge Ernst, assignment of a visiting judge, and objections to the assignment of the visiting judge. A hearing was scheduled on October 22, 1987 but cancelled. The next day Judge Sandel vacated the order granting the new trial without holding a hearing.

## I. THE MOTION FOR NEW TRIAL.

### A. The last day of the seventy-five day period.

■ Appellants claim that the judge lacked the power to vacate his granting of new trial after the seventy-five day period prescribed under TEX.R.CIV.P. 329b(c) (Vernon 1989). Appellee contends that this period had expired on Saturday, September 26, 1987 and since Monday, September 28, 1987 was beyond the seventy-five day period, the court lacked power to grant the new trial. Appellee's contention is in error. TEX.R.CIV.P. 4 (Vernon 1989) provides as follows:

.... the last day of the period so computed is to be included, unless it is a Saturday, Sunday or Legal Holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday or a Legal Holiday.

(emphasis added). Consequently, the last day of the seventy-five day period was Monday, September 28, 1987.

B. Jurisdiction to vacate the order granting new trial.

Appellants' claims, however, are also in error. Rule 329b provides as follows:

(d) The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed.

(e) If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely filed motions overruled, either by a written or signed order or by operation of law, which ever occurs first.

(emphasis added). Appellants claim that the language gives the trial court the plenary power only to vacate, modify, correct or reform the judgment, and since the granting of a new trial is not a judgment, the judge lacked the power to vacate its order. In support appellants cite *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823 (1961). The facts in *Fulton* are similar with regard to the granting and subsequent vacating of a new trial. At that time, Rule 329b Section 3 stated, "all motions must be determined within and not exceeding forty-five (45) days after the original or amended motion is filed." *Fulton*, 346 S.W.2d at 826 (emphasis added). The rule was completely rewritten effective January 1, 1981. Included in these changes were: (1) withdrawal of the word "must"; (2) the time the court has to rule on the motion was extended to seventy-five days; (3) the motion is overruled by operation of law if not ruled upon within seventy-five days; (4) the court's plenary power was extended to thirty days after the judgment; (5) no additional time is extended for amended motions for new trial; and (6) the presentment requirement and agreed postponements were eliminated. Plainly, the rule has been changed significantly since it was addressed in 1961 by the Supreme Court in *Fulton.*

■ If the appellants' rationale is followed, seventy-five days after a trial court has granted a new trial, it loses power to rule in a case and lacks the power to reform, modify, correct or vacate the order granting a new trial. This is not in accord with the plenary power recognized in Rule 329b. Once a new trial is granted, the trial court has exclusive jurisdiction in the case. Rule 329b(c) does give the trial court seventy-five days after the judgment is signed to rule on a motion for new trial. Rule 329b subsections (e) and (c) are read together, it actually gives the trial court one hundred and five (105) days to rule on a motion for new trial. The two subsections read as follows:

(c) In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

(e) If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely filed motions overruled, either by a written or signed order or by operation of law, which ever occurs first.

(emphasis added). Subsection (e) gives the trial court plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all timely filed motions are overruled. Under subsection (c) the motion is to be considered as overruled only if not ruled upon within the seventy-five day period. The use of the word "considered" in Rule 329b(c) expresses an intention to give the trial court an additional thirty days to rule on the motion or to enter orders even after the motion for new trial is overruled by operation of law. Rule 329b(c) must be

taken to mean what it says. As it has been interpreted, the trial court has an additional thirty days to grant a new trial after it has previously overruled the motion for new trial. The trial court should not be able on one hand to grant a new trial after the expiration of the seventy-five day period and, on the other hand, not be able to vacate its previous granting of a new trial during the same time period. A more consistent interpretation would be to consider the motion overruled after the expiration of the seventy-five day period and give the trial court the power both to grant a new trial or vacate a previous order granting a new trial within the next 30 days. It would be most inconsistent to hold that the court could vacate a judgment and not be able to vacate its order granting a new trial. Any other interpretation is unreasonable. After the expiration of the seventy-five days, the trial court need not rule on the motion if its intention is to overrule it. However, if the trial court chooses to grant a new trial, it can do so within in the thirty days subsequent to the expiration of the seventy-five day period.

■■■■ The two-fold purpose of the seventy-five day period is still preserved as: (1) to have a definitive date on which to begin the appellate period if the trial court does not rule on the motion; (2) to prevent the trial court from delaying ruling on the motions for new trial. Therefore, the trial court is given thirty days to grant a new trial if the motion for new trial is overruled by operation of law. There is no provision in the rule giving the trial court the power to vacate the granting of a new trial. The reason lies in common sense. Once a new trial is granted, the trial court is the only court having authority to rule on the case. The trial court has the sole discretion in ruling on the case. This discretion includes the power to enter orders which correct earlier errors. This is in contrast to where a motion for new trial is overruled. The trial court and the appellant court then have a quasi-concurrent jurisdiction in the case. The only step necessary for a litigant to invoke appellate court jurisdiction is to file an appeal bond. Nowhere does Rule 329b restrict the trial court from over-turning an order for a new trial. Holding that the trial court lacked power to vacate its previous order would impair its authority to enter orders necessary for the efficient administration of its docket. Appellants' point of error with regard to the motion for new trial is overruled.

## II. SUMMARY JUDGMENT.

### A. Burden of proof.

Appellants allege that the trial court erred in granting appellee's motion for summary judgment. They claim the judge improperly placed the burden on them, as non-movant. Appellee cited *Gray v. United States*, 445 F.Supp. 337 (S.D.Tex.1978), where the defendant manufacturer was granted a summary judgment because the plaintiff failed to identify it as the manufacturer of the drug which caused her injury. Here, the appellee applied *Gray* to claim that the appellants had failed to identify the appellee as the manufacturer of the pentachlorophenol which may have contributed to appellants injuries. After almost two years of discovery and several continuances, the appellants were unable to establish appellee as the manufacturer of the pentachlorophenol alleged to be a contributor to appellants health problems.

The United States Supreme Court has held that a summary judgment is mandated when the non-movant fails to make a showing sufficient to establish the existence of each element essential of the non-movant's case where the non-movant has the burden of proof and after an adequate time for discovery has elapsed. *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct 2548, 91 L.Ed.2d 265 (1986). The facts in Celotex and the facts here are almost identical. In *Celotex* the estate of Louis H. Catrett sued Celotex Corp. and others, claiming that Mr. Catrett's death was caused by exposure to asbestos. Celotex Corp. moved for summary judgment noting that the plaintiff had failed to identify any witness who could testify about the decedent's exposure to Celotex's own products. After the District Court granted summary judgment to Celotex, a divided Court of Appeals reversed on the grounds that Celotex had "made no

effort to adduce any evidence, in the form of affidavits or otherwise, to support its motion." 756 F.2d 181, 184 (D.C.Cir.1985) (emphasis in original), *rev'd*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The dissenting judge disapproved the notion that "a party seeking summary judgment must always make an affirmative evidentiary showing, even in cases where there is not a triable, factual dispute." *Id.* at 188.

The United States Supreme Court reversed, basing its holding on the plain wording of Fed.R.Civ.P. 56(c), which authorizes a summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The similar provision of Texas law differs in no relevant respect. The majority found "no express or implied requirement in [the rule] that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." 106 S.Ct. at 2553 (emphasis in original). The concurring opinion agreed that "the Court of Appeals was wrong in holding that the moving defendant must always support his motion with evidence or affidavits showing the absence of a genuine dispute about a material fact." *Id.* at 2555. The dissenting opinion even agreed that the rule nowhere requires the defendant to provide affirmative evidence disproving the plaintiff's case: "I agree with the Court that this reading ... was erroneous and that Celotex could seek summary judgment on the ground that plaintiff could not prove exposure to Celotex Asbestos at trial." *Id.* at 2559 (Brennan, J., joined by Burger, C.J., and Blackmun, J., dissenting).

▪ Like the federal, the Texas rule indicates the optional nature of accompanying proof by referring to "pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any...." Tex.R.Civ.P. 166a(c) (emphasis added). Both rules expressly provide that a plaintiff or defendant may seek a summary judgment "with or without supporting affidavits." Rule 166a(a, b). The critical requirement is that the movant "show" entitlement to judgment as a matter of law.

▪ In Texas, the burden is upon the movant to prove there is no genuine issue of material fact. *University of Texas Health Science Center at Houston v. Big Train Carpet of El Paso*, 739 S.W.2d 792 (Tex.1987); *El Chico v. Poole*, 732 S.W.2d 306 (Tex.1987); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); Tex.R.Civ.P. 166a. However, in *City of Houston*, the court did place a burden on the non-movant to come forth with its evidence once the movant has proved that they are entitled to summary judgment. The court provided as follows:

> ..., the non-movant must expressly present to the trial court any reasons seeking to *avoid* movant's entitlement, such as those set out in rules 93 and 94, **and he must present summary judgment** proof when necessary to establish a fact **issue. No longer must the movant negate all possible issues of law and fact that *could* be raised by the non-movant in the trial court but were not.** (Citations omitted). In cases such as *Torres v. Western Cas. & Sur. Co.*, 457 S.W.2d 50 (Tex.1970) (existence of good cause for late filing of worker's compensation claim), and *Gardner v. Martin*, 162 Tex 156, 345 S.W.2d 274 (1961) (failure of movant to attach certified copies of prior case to establish res judicata), **the non-movant must now, in a written answer or response to the motion, expressly present to the trial court those issues that would defeat the movant's right to a summary judgment** and failing to do so, may not later assign them as error on appeal.

*City of Houston*, 589 S.W.2d at 678 (Italics in original, other emphasis added). Summary judgment for the defendant on the entire case is proper if, as a matter of law, plaintiff could not succeed upon any theory plead. *Delgado v. Burns*, 656 S.W.2d 428 (Tex.1983). If the defendant is able to prove one essential element of plaintiff's case is insufficient, the summary judgment should be granted. *Manoogian v. Lake*

*Forest Corp.,* 652 S.W.2d 816 (Tex.App.— Austin 1983, writ ref'd n.r.e.).

Subsequent to the release of our initial opinion, the Texas Supreme Court released *Casso v. Brand,* 776 S.W.2d 551, (Tex.1989) (rehearing pending). In *Casso,* the court declined to follow *Celotex, supra,* because federal procedural law places the burden on both movants and non-movants. Just as the Texas Supreme court stated in *City of Houston,* this court should not be misunderstood as shifting the burden in summary judgment proceedings to the non-movant. The burden of proof is still on the movant in summary judgment proceedings. However, once the movants have met their burden and proved they are entitled to summary judgment, the non-movant must then "expressly present to the trial court those issues that would defeat the movant's right to a summary judgment." *City of Houston,* 589 S.W.2d at 679.

■■■ Also subsequent to our initial opinion, the Texas Supreme Court released *Gaulding v. Celotex Corp.,* 772 S.W.2d 66. (Tex.1989), (rehearing pending). In *Gaulding,* the facts are similar again because the plaintiffs had been unable to identify the specific manufacturer of the product. The court addressed this issue as follows:

> A fundamental principle of traditional products liability law is that the plaintiff must prove that the defendants supplied the product which caused the injury. See [sic] *Armstrong Rubber Co. v. Urquidez,* 570 S.W.2d 374, 376 (Tex.1978)); *Borel v. Fibreboard Paper Products Corp.,* 493 F.2d 1076, 1094 (5th Cir.1973); *Flatt v. Johns–Manville Sales Corp.,* 488 F.Supp. 836, 838 (E.D.Tex.1980); *Gray v. United States,* 445 F.Supp. 337, 338 (S.D.Tex.1978); J. Sales, *Product Liability Law in Texas,* 365–66, n. 1 (1985).

Common sense dictates that once discovery has been conducted, the plaintiff must be able to identify the producer of the product which allegedly injured them. If the result were otherwise, a claimant could force a full trial despite its complete inability to adduce even a scintilla of evidence as to cause. A directed verdict would be warranted but only after the waste of everyone's time and energy. This situation would be completely contrary to TEX.R. CIV.P. 1, which calls for construction of the rules in such a fashion as to minimize expense and delay.

■■■ Although the court, in *Celotex,* was interpreting the FED.R.CIV.P. 56(c), the Texas rule is derived from the federal rule. The relevant portions of the two rules are almost identical. The Federal Rule provides as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

TEX.R.CIV.P. 166a(c) states:

> The judgment shall be rendered forthwith if ... (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.

With the exception of placing the burden of proof, the rationale of the United States Supreme Court is applicable to the Texas summary judgment rule. TEX.R.CIV.P. 166a(c) authorized a summary judgment in this case. As the Texas Supreme Court stated in *Gaulding,* supra, it is a fundamental principle of product liability law that the plaintiff prove the defendant supplied the product about which there is a complaint. Appellants were unable to establish appellee as the manufacturer of the product or demonstrate the existence of a material fact that would defeat the movants right to summary judgment. Appellants' point of error regarding the motion for summary judgment is overruled.

**B. Effect on vacating the order of new trial.**

 This case is based on the trial court's granting a summary judgment. The trial court determined the outcome as a matter of law. Here, a trial had not been held. In the cases cited by the appellant a trial had been concluded. See, *Garza v. Gonzalez*, 737 S.W.2d 588 (Tex.App.—San Antonio 1987, no writ); *Smith v. Caney Creek Estates Club, Inc.*, 631 S.W.2d 233 (Tex.App.—Corpus Christi 1982, no writ). After summary judgment was granted here the co-defendant submitted affidavits asserting that the appellee was the manufacturer of the pentachlorophenol used to treat the logs in appellant's house. Tex.R. Civ.P. 166a(c) provides that judgment "**shall** be rendered" if the evidence, including affidavits, "on file **at the time of the hearing** or filed thereafter and before judgment with permission of the court" demonstrate there is no genuine issue of material fact. (Emphasis added). The rule was drafted to prevent the exact situation presented here. A trial court has a duty to consider the record as it is when the motion for summary judgment is heard and only as it is then. *Metze v. Entman*, 584 S.W.2d 512 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). In *City of Houston,* supra, the Supreme Court stated as follows:

> "Thus, both the reasons for the summary judgment and the objections to it must be in writing and before the trial judge **at the hearing.**"

(emphasis added). The rule also allows a party, with leave of court, to submit evidence after the hearing but only before the judgment. Once the judgment is entered, the court can consider only the evidence which was properly before it. In *Evans v. Conlee,* 741 S.W.2d 504 (Tex.App.—Corpus Christi 1987, no writ) the court addressed this as follows:

> We interpret Rule 166a to mean that the trial court need only consider the evidence which was properly before it at the time the motion for summary judgment is heard. Likewise, it is proper for us to review only the evidence which was properly before the trial court at the time of hearing.

Because this concerns a summary judgment, the affidavits of the co-defendants filed after the summary judgment was entered cannot be considered.

 Regardless, the appellants failed to produce evidence sufficient to warrant a new trial. In *Lynd v. Wesley,* 705 S.W.2d 759 (Tex.App.—Houston [14th Dist.] 1986, no writ), this court addressed the five requirements necessary to establish the basis for granting a new trial on grounds of newly discovered evidence. These requirements are as follows:

1) The existence of newly discovered evidence.

2) That the moving party had no notice of the existence of such evidence prior to the time of trial.

3) That due diligence was exercised to procure the evidence prior to the time of trial.

4) That the evidence is not merely cumulative and does not tend only to impeach.

5) That the evidence would produce a different result if a new trial were granted.

 Appellants fail to meet three of these five requirements. Initially, there is a question of whether the affidavits made the basis of the motion for new trial are newly discovered evidence. These affidavits are of co-defendants. Discovery had been undertaken against these co-defendants. The answers from the Kansas law suit should have made the appellants aware of this information. This constituted notice of this information. Consequently, the first and second requirement have not been met. The failure to obtain this information appears to be from a lack of diligence on the part of the appellants. Requirement three has also not been met.

It was in the co-defendants best interest to retain the appellee as a party. This evidence was available prior to the summary judgment. With diligence the evidence would have been before the court prior to the granting of the summary judgment. Several continuances had been granted for

discovery. The evidence does not meet the requirements of newly discovered evidence. Therefore, appellants were not entitled to a new trial.

If appellant's position regarding the trial court's ability to review the granting of a new trial were followed, this cause would be sent back and tried. Once tried, the appellee would appeal contending the court improperly granted a new trial based upon evidence not properly before the court at the time of the summary judgment. The result would waste the court's time and resources as well as that of the parties. Consequently, summary judgment cases are different from those presented in *Fulton, supra; Garza, supra and Smith, supra* and must be distinguished.

The judgment of the trial court is affirmed.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority members of the court, I record my respectful dissent.