**In re Michael W. LUSTER, Relator.**

No. 14–02–00064–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 11, 2002.

12. *Id.*

Daniel Fay, Houston, for Relator.

Deborah A. Newman, Laura S. Favaloro, Houston, for Respondent.

Panel consists of Justices HUDSON, FOWLER, and EDELMAN.

## OPINION

J. HARVEY HUDSON, Justice.

In this original proceeding, relator, Michael W. Luster, seeks a writ of mandamus ordering the respondent, the Honorable Harvey Brown, to vacate the amended final judgment entered November 5, 2001, in which the trial court revoked its order of April 11, 2002, granting the motion for new trial. We conditionally grant the writ.

Relator brought suit pursuant to the Federal Employer's Liability Act seeking damages for personal injuries he allegedly sustained in the course and scope of his employment with Union Pacific Railroad Company, real party in interest. The case was tried before a jury in November of 2000. The jury returned a verdict in favor of Union Pacific and the trial court entered judgment based on the verdict on January 26, 2001. Relator filed a timely motion for new trial. On April 11, 2001, the trial court entered an order granting relator's motion for new trial.

On May 25, 2001, Union Pacific filed a motion asking the trial court to set aside its order granting the motion for new trial and reinstated the judgment based on the jury's verdict. On June 1, 2001, relator filed a pleading in opposition to the motion arguing the trial court lacked jurisdiction to "ungrant" the new trial. On June 13, 2001, Union Pacific sent a letter to the trial court agreeing the trial court had no jurisdiction to ungrant the new trial. Despite this, the trial court entered an amended final judgment on November 5, 2001, in which it revoked its order of April 11, 2001, reinstated the jury's verdict, and entered judgment in favor of Union Pacific. Relator filed his petition for writ of mandamus in this Court on January 18, 2002. Union Pacific, pursuant to a request by this Court, filed a response on February 4, 2002.

Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreason-

able as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). When alleging that a trial court abused its discretion in its resolution of factual issues, the party must show the trial court could reasonably have reached only one decision. *Id.* at 918. As to determination of legal principles, an abuse of discretion occurs if the trial court clearly fails to analyze or apply the law correctly. *Walker,* 827 S.W.2d at 840.

In determining whether the writ should issue, we must further determine whether the party has an adequate remedy by appeal. *Id.* Mandamus is intended to be an extraordinary remedy, only available in limited circumstances "involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989). An appellate remedy is not inadequate merely because the party may incur more expense and delay than in obtaining the writ. *Walker,* 827 S.W.2d at 842.

In this case, the question before this Court is a question of law: does a trial court have jurisdiction to vacate or "ungrant" an order granting a motion for new trial more than seventy-five days after the original judgment is signed? The law is clear on this issue. A trial court may only vacate or "ungrant" an order granting a

new trial during the period when it continues to have plenary power. *Porter v. Vick,* 888 S.W.2d 789, 789 (Tex.1994); *Fulton v. Finch,* 162 Tex. 351, 354–55, 346 S.W.2d 823, 826 (1961); *In re Steiger,* 55 S.W.3d 168, 171 (Tex.App.-Corpus Christi 2001, orig. proceeding); *Ferguson v. Globe–Texas Co.,* 35 S.W.3d 688, 690 (Tex.App.-Amarillo 2000, pet. denied). Any order vacating an order granting a new trial that was signed outside the trial court' period of plenary power over the original judgment is void. *Id.* Rule 329b(c) states:

> In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

TEX.R. CIV. P. 329b(c).

Under this rule, the trial court has seventy-five days to rule on a timely filed motion for new trial before it is overruled by operation of law. *Id.* The majority of the courts, when confronted with the issue of a trial court's power to *"ungrant"* an order granting a motion for new trial, have held the trial court's plenary power only continues in effect for seventy-five days after the date the original judgment is signed.[1] *Steiger,* 55 S.W.3d at 170–71;

---

1. Moreover, these courts have recognized that rule 329b(e) does not give the trial court an additional thirty days from the expiration of the seventy-fifth day to "ungrant" an order granting a motion for new trial. Rule 329b(e) states the trial court has plenary power to grant a timely filed motion for new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first. TEX.R. CIV. P. 329b(e). The plain language of this rule extends a trial court's plenary power to grant a new trial or

to vacate, modify, correct, or reform the judgment until thirty days after such timely filed motions are overruled by written order or by operation of law. Thus, when no motion for new trial is overruled, the trial court's plenary power to vacate or "ungrant" an order granted a new trial or reinstate a judgment ends when the motion for new trial would have been overruled by operation of law, i.e., seventy-five days after the original judgment was signed. *Ferguson,* 35 S.W.3d at 690. The additional thirty days provided for in rule 329b(e) would not apply to the trial court's power to "ungrant" an order granting a mo-

*Ferguson,* 35 S.W.3d at 690; *see Porter,* 888 S.W.2d at 789; *Fulton,* 346 S.W.2d at 826; *In re Ellebracht,* 30 S.W.3d 605, 607–08 (Tex.App.-Texarkana 2000, no pet.); *In re Wilburn,* 18 S.W.3d 837, 843 n. 3 (Tex. App.-Tyler 2000, pet. denied); *City of Dallas v. Ormsby,* 904 S.W.2d 707, 713 (Tex. App.-Amarillo 1995, writ denied) (opin. on reh'g); *Hunter v. O'Neill,* 854 S.W.2d 704, 705 (Tex.App.-Dallas 1993, no writ); *Homart Dev. Co. v. Blanton,* 755 S.W.2d 158, 159 (Tex.App.-Houston [1st Dist.] 1988, orig. proceeding [leave denied] ); *Smith v. Caney Creek Estates Club, Inc.,* 631 S.W.2d 233, 235 (Tex.App.-Corpus Christi 1982, no writ). *But see Biaza v. Simon,* 879 S.W.2d 349, 357 (Tex.App.-Houston [14th Dist.] 1994, writ denied); *Gates v. Dow Chemical Co.,* 777 S.W.2d 120, 124 (Tex.App.-Houston [14th Dist.] 1989), *judgment vacated by agr.,* 783 S.W.2d 589 (Tex.1989).[2] Accordingly, a trial court only retains plenary power to vacate or "ungrant" an order granting a new trial for seventy-five days after the original judgment is signed. *Id.*

██ In this case, the original judgment was signed January 26, 2001. The trial court granted relator's timely filed motion for new trial on April 11, 2001. According-ly, the trial court retained plenary power for seventy-five days from January 26, 2001, the date of the original judgment, to vacate or "ungrant" its order granting relator's motion for new trial. The trial court did not vacate its order granting relator's motion for new trial until November 5, 2001, more than seventy-five days after the original judgment was signed. Accordingly, the trial court's judgment, which vacated the order granting the motion for new trial and reinstated judgment in favor of Union Pacific, is void. *See Porter,* 888 S.W.2d at 789; *Fulton,* 346 S.W.2d at 826; *Steiger,* 55 S.W.3d at 171; *Ferguson,* 35 S.W.3d at 690 (pet. denied).

██ Union Pacific contends this Court should not reach the merits of the petition because relator has an adequate remedy by appeal. We disagree and hold relator has no adequate remedy by appeal. The Texas Supreme Court has long held that mandamus will lie in the case of a void judgment and that it is unnecessary for the relator to pursue other remedies even if they exist. *Vance v. Davidson,* 903 S.W.2d 863, 867 (Tex.App.-Houston [14th Dist.] 1995, orig. proceeding) (citing *Dikeman v. Snell,* 490 S.W.2d 183, 186 (Tex. 1973); *Buttery v. Betts,* 422 S.W.2d 149,

tion for new trial because by its terms it applies only to the trial court's power to *grant* a motion for new trial. *See id.*

**2.** We recognize that in *Biaza and Gates,* this Court held that a trial court did have jurisdiction to "ungrant" an order granting a motion for new trial more than seventy-five days after the original judgment was signed. Our opinions were based on language in *Fruehauf Corp. v. Carrillo,* 848 S.W.2d 83, 84 (Tex. 1993) in which the supreme court stated: "A trial court has plenary power over its judgment until it becomes final. The trial court also retains continuing control over interlocutory orders and has the power to set those orders aside any time before a final judgment is entered. An order granting a new trial is an unappealable, interlocutory order." We construed this language to overrule the supreme court's previous opinion in *Fulton,* which held a trial court could not "ungrant" an order granting a new trial more than seventy-five days after its plenary power expired. Fourteen days before this Court's opinion in *Biaza* issued, the supreme court issued its opinion in *Porter.* In that opinion, the supreme court reaffirmed the holding in *Fulton* and explained that *Fruehauf* did not modify the rule in *Fulton,* rather, it merely clarified that the trial court could "ungrant" the new trial within the plenary power period. *Porter,* 888 S.W.2d at 789–90. Thus, this Court's opinions in *Biaza* and *Gates* cannot stand in light of the clarification of the arguably loose language used by the supreme court in *Fruehauf. See id.*

151 (Tex.1967); Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823, 827 (1961)). As the Texas Supreme Court stated in Fulton:

> It is one thing to say that a void order may be appealed from but it is another thing to say that it must be appealed from for it would be anomalous to say that an order void upon it s face must be appealed from before it can be treated as a nullity and disregarded. An order which must be appealed from before it is ignored can hardly be characterized as "void" and binding on no one.

346 S.W.2d at 830 (emphasis in the original). Accordingly, mandamus relief is available to relator.

Because we have held that the trial court's judgment vacating or "ungranting" the order granting relator's motion for new trial is void and relator has no adequate remedy by appeal, we conditionally grant relator's petition for writ of mandamus.[3] The writ will issue only if the trial court fails to vacate its judgment of November 5, 2001.

EDELMAN, J. concurring.

RICHARD H. EDELMAN, Justice, concurring.

The majority opinion correctly decides the case in accordance with prevailing decisions from the Texas Supreme Court. Yet, the anomalies created by those decisions remain: (1) after a motion for new trial has been granted, how can a trial court have ongoing plenary power to re-try the case, etc., but lack plenary power to vacate the decision to grant the motion for new trial?; (2) once a trial court determines that a motion for new trial has been improvidently granted and that a proper adjudication was, in fact, reached, why must the time and other resources of the parties and judicial system nevertheless be wasted to relitigate it?; and (3) why have such anomalies been allowed to persist?

---

**3.** We are aware that the Texas Supreme Court Rules Advisory Committee is considering possible changes to rule 329(b), which would overrule the supreme court's opinions in Porter and Fulton and allow the trial court to retain jurisdiction of a case for all purposes, including "ungranting" a motion for new trial at any time if the trial court later decides it is the appropriate action. Given this Court's previous opinions in Biaza and Gates, we would obviously welcome such a change. As an intermediate court, however, we are duty-bound to follow the Texas Supreme Court's expressions of the law and to leave changes to that court. See Dow Chemical Co. v. Rylander, 38 S.W.3d 741, 746–47 (Tex.App.-Austin 2001, pet. denied), cert. denied, —— U.S. ——, 122 S.Ct. 466, 151 L.Ed.2d 383 (2001); Betco Scaffolds Co. v. Houston United Cas. Ins. Co., 29 S.W.3d 341, 344 n. 2 (Tex.App.-Houston [14th] 2000, no pet.); Winograd v. Willis, 789 S.W.2d 307, 312 (Tex.App.-Houston [14th] 1990, writ denied).