Dismissed and Opinion filed November 21, 2002









Dismissed and Opinion filed November 21, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00574-CV

____________

 

ROBERT J. ANDRES, Appellant

 

V.

 

BARRY E. WHISNER, Appellee

 



 

On
Appeal from the County Civil Court at Law No. 2

Harris County, Texas

Trial
Court Cause No. 754,039

 



 

M E M O R A N D U M  O P I N I O N

This case was appealed de novo to the county court
from justice court.  The county court=s judgment, signed October 16, 2001,
found that appellant had not properly posted his bond to perfect his appeal de
novo and ordered the papers in the case returned to justice court as though
no appeal had been attempted.  Appellant
filed a timely motion for new trial on November 2, 2001.  On December 4, 2001, the county court granted
the motion for new trial and reinstated the case.  On February 6, 2002, the trial court granted appellee=s motion to set aside the order for new trial and ordered the
judgment dated October 16, 2001 revived. 








A trial court may only vacate or Aungrant@ an order granting a new trial during
the period when it continues to have plenary power.  Porter v. Vick, 888 S.W.2d 789, 789
(Tex. 1994); In re Luster, 77 S.W.3d 331, 334 (Tex. App.CHouston [14th Dist.] 2002, orig. proceeding).  Accordingly, a trial court only retains
plenary power to vacate or Aungrant@ an order granting a new trial for
seventy‑five days after the original judgment is signed.  Id. 
Any order vacating an order granting a new trial that was signed outside
the trial court=s period of plenary power over the original judgment is
void.  Id.  In this case, the 75th day from the original
judgment was December 31, 2001.  Thus,
the Court=s order vacating the granting of the
new trial, signed February 6, 2002, was void. 
The case therefore remains at the status existing at the time of the
signing of the December 4, 2001 order granting a new trial, setting aside the
judgment for appellee, and reinstating the case on
the docket.  Accordingly, the county
court retains jurisdiction to hear the reinstated appeal de novo.[1]  This Court has no jurisdiction over the
appeal.  Appellant=s motion to retain the case is
denied.

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed November 21, 2002.

Panel consists of Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex. R. App. P. 47.3(b).











[1]  Because the
trial court=s order Aungranting@ the
motion for new trial was void, mandamus may lie, if necessary.  See In re Luster, 77
S.W.3d at 335 (finding no adequate remedy by appeal and conditionally granting
writ of mandamus where trial court=s
order ungranting new trial was void).