

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-24-00399-CV

---

The Browning Family Mineral Partnership,
Hollis M. Browning, and Bill T. Browning, Appellants

v.

Callahan Draw LLC, Rudd F. Owen, Ross G. Owen,
Jeffre Owen Littleton, and Dayna Owen White, Appellees

---

On Appeal from the 143rd District Court

Reeves County, Texas

Trial Court No. 24-06-25226-CVR

---

## MEMORANDUM OPINION

The parties in this case each argue that they inherited an interest in trust property that was owned by Frank Day at the time of his death. Appellees Callahan Draw LLC, Rudd F. Owen, Ross G. Owen, Jeffre Owen Littleton, and Dayna Owen White (the Owens) are descendants of or

successors in interest to Frank's daughters. They claim that Frank's will failed to make a complete disposition of his separate property, including his interest in the Zemula Johnson Estate Trust, and that it passed intestate to his daughters from whom they inherited it. Appellants Hollis M. Browning, Bill T. Browning, and the Browning Family Mineral Partnership (the Brownings) are the descendants and successors of Frank's wife, Venita F. Day, from a previous marriage. They claim that Frank's will bequeathed his trust interest to Venita and that they inherited that interest upon Venita's death. The primary question on appeal, however, is not the construction of Frank's will, but whether the Brownings can maintain a bill of review action to set aside a prior judgment declaring that the Owens are the current owners of Frank's portion of the trust property.

We affirm in part and reverse in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves the interplay of three different lawsuits, each discussed below.

### A. Trust litigation

In 2012, the trustee of the Zemula Johnson Estate Trust filed a petition for declaratory judgment to confirm the termination of the trust and identify the owners of the trust property. The petition listed two groups of people. The first were the interest owners at the time of the trust's 1967 execution and delivery, one of whom was Frank Day. The second list was of the names and addresses of people that the trustee believed to be the current owners of the trust interests. The second list included Frank's daughters, Mary Frank Owen and Effie Jean Bay, but not Venita or the Brownings. The petition expressly stated that it was not requesting personal service on the people named in the second list as current owners because the trustee anticipated that they would sign waivers of service and entries of appearance. The petition did request, however, service of citation by publication on "unknown heirs, devisees, legatees, successors, unknown spouses, if

2

any, of the persons, their respective heirs, successors and assigns, who executed and delivered the 1967 Trust." The return of service and copies of the published citation show that the citation was to the people listed as *current owners* and their successors and heirs and not, as requested, to the *unknown heirs* of the owners in 1967. This classification of defendants did not include the Brownings who were not named as current owners in the petition and are not heirs of anyone named as current owner. Tex. R. Civ. P. 111 (When defendants are unknown heirs, a citation by publication "shall be addressed to the defendants by a concise description of their classification, as 'the Unknown Heirs of A.B., deceased[.]'").

The Owens intervened in the trust litigation and filed motions for summary judgment. Nothing in the record shows that they served the Brownings when they intervened or that the Brownings appeared in the suit. In 2021, the trial court granted summary judgments for the Owens, declaring that they owned a combined 24/1008 of the trust property.

**B. 2023 Suit**

In 2023, after the summary judgments in the trust litigation, the Brownings learned of the judgments. They filed suit for trespass to try title, declaratory judgment, and conversion. Their petition alleged that "[u]nbeknownst to Plaintiffs and without any notice to Plaintiffs, Defendants intervened in the Trust Litigation and asserted, through motions for summary judgment, they inherited the Interest of Frank Day in the Trust through his Will." Despite the prior judgments, they claimed that Frank's will bequeathed his interest in the trust to his wife, Venita, and that the Brownings, as Venita's heirs, were the rightful owners of the 24/1008 of the trust.

The Owens filed a motion to dismiss the Brownings suit under the Texas Citizen's Participation Act (TCPA). They argued that the Brownings' suit was based on or in response to the trust litigation because "[t]he only way [the Brownings] can allege and prove their trespass to try

3

title action is by asserting that Defendants unlawfully 'dispossessed [them] by intervening and obtaining judgments to the trust property for the same—all of which are protected under the 'right of petition.'" They also asserted that the final judgments in the trust litigation barred the Brownings' claims under the principles of collateral estoppel and res judicata.

The trial court granted the Owens' motion and dismissed the Brownings' suit. The Brownings appealed that order to this Court, but then voluntarily dismissed their appeal. *Browning Family Mineral P'ship v. Callahan Draw, LLC*, No. 08-24-00006-CV, 2024 WL 525403, at *1 (Tex. App.—El Paso Feb. 9, 2024, no pet.) (mem. op).

### C.  Bill of Review (the underlying suit)

After dismissing their appeal, the Brownings filed a bill of review in the trial court. They alleged that they are entitled to set aside the summary judgments in the trust litigation because they "received no notice, service, or any information about the proceeding until after they had been deprived of their property." The Owens responded and filed three dispositive motions: a Rule 91a motion to dismiss a motion to dismiss under the Texas Citizens Participation Act, and a traditional motion for summary judgment. After a non-evidentiary hearing, the trial court granted all three motions, dismissed the Brownings' claims, and awarded the Owens $50,000 in attorney's fees, conditional fees of $100,000 if the Brownings appealed, and up to $90,000 for further appeals to the Texas Supreme Court.

### D.  Issues on appeal

The Brownings raise six issues on appeal. Issue one through five are as follows:

(1) Were the Brownings properly served with citation by publication in the trust litigation?

4

(2) Were the Owens required to name and serve the Brownings when they intervened in the trust litigation?

(3) Can the language of Frank's will be construed to exclude the trust interest and result in a partial intestacy?

(4) Was the Brownings' bill of review barred by res judicata or collateral estoppel?

(5) Does the TCPA apply to a bill of review?

Each of these issues are subsidiary questions that help to answer the sixth issue:

(6) Did the trial court err in granting each motion and dismissing the Brownings' bill of review?

To facilitate our analysis, we focus on each of the dispositive rulings—the Rule 91a dismissal, the TCPA dismissal, and the summary judgment—each with their own distinct requirements and burdens. We address the subsidiary issues as they apply to each ruling.

## II. APPLICABLE LAW

### A. Bill of Review cause of action

As explained above, the case that is the subject of this appeal was a petition for bill of review. A bill of review is a direct attack on a default judgment that can be brought after the time for a motion for new trial or an appeal. *Frost Nat. Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010). "The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751–52 (Tex. 2003). The elements of a bill of review are: "(1) a meritorious defense to the cause of action alleged to support the judgment, (2) that the petitioner was prevented from making by the fraud, accident or wrongful act of his or her

opponent, and (3) the petitioner was not negligent." *Id*. However, if, like in this case, the plaintiff in a bill of review alleges a due process violation such as lack of service, the plaintiff does not need to prove the first two elements and the third is conclusively established by proof of non-service. *Mabon Ltd. v. Afri-Carib Enterprises, Inc.*, 369 S.W.3d 809, 812 (Tex. 2012).

### B. Affirmative Defenses—Res Judicata and Collateral Estoppel

Res judicata bars claims that have already been litigated or that "arise out of the same subject matter and that could have been litigated in the prior action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). "The doctrine seeks to bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). A claim is barred by res judicata if there is proof of three elements: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt*, 919 S.W.2d at 652. "To determine whether a prior and later lawsuit involve the same basic subject matter, we focus on the factual basis of the complaint." *Id.* at 653.

Whereas res judicata precludes relitigation of *claims*, "[t]he doctrine of collateral estoppel precludes relitigation of ultimate *issues of fact* actually litigated and essential to the judgment in a prior suit." *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 801 (Tex. 1992) (emphasis added). A defendant asserting a collateral estoppel defense "must establish (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994).

# III. ANALYSIS

## A. Rule 91a dismissal

Texas Rule of Civil Procedure 91a allows for the dismissal of baseless lawsuits:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

Tex. R. Civ. P. 91a.1. A court "must decide the motion solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." *Id*. at 91a.6 "[W]e construe the pleadings liberally in favor of the petitioner and accept as true the factual allegations, although we need not accept as true any legal conclusions." *Broder v. Nexstar Media Inc.*, No. 03-22-00363-CV, 2024 WL 3207501, at *5 (Tex. App.—Austin June 28, 2024, pet. denied) (per curiam) (mem. op.). A dismissal under Rule 91a is reviewed *de novo* "because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016).

The Owens' motion to dismiss under Rule 91a argued that the bill of review lacks a basis in law because Frank's will did not bequeath his interest in the trust to Venita, leaving the Brownings with no claim to the property or standing to challenge the judgments. But Rule 91a focuses on the pleading of a *cause of action* which in this case is a bill of review, and whether the plaintiff would be entitled to the relief sought if all the allegations are taken as true. Tex. R. Civ. P. 91a.1, 91a.6. As discussed above, a bill of review based on non-service has that fact as its only element. By pleading that they "received no notice, service, or any information about the [trust litigation]," the Browning's pleaded the necessary elements of a bill of review. Taking this allegation as true, as we must at this stage, that fact alone would entitle the Brownings to the relief

7

they sought. *Mabon*, 369 S.W.3d at 810 ("[O]nce a bill-of-review plaintiff proves the absence of service or the lack of notice of the dispositive trial setting, the plaintiff is then relieved of proving the traditional bill-of-review elements and the court should grant the plaintiff's bill of review."). The bill of review as pleaded, therefore, has a basis in the law.

The Owens also argued that they were entitled to a dismissal under Rule 91a based on their affirmative defenses of res judicata and collateral estoppel. A dismissal under Rule 91a can be based on affirmative defenses but even when the motion is based on a *defense*, the trial court can dismiss only if the *plaintiff's petition* conclusively establish the defenses. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020). The petition for bill of review includes allegations about the trust litigation judgments, but not the 2023 judgment. It states,

> This Court has exclusive jurisdiction and is the exclusive venue to hear this matter as it seeks relief in the form of a Bill of Review from the judgment in the 143rd Judicial District Court of Reeves County, Texas in Cause No. 12-11-20264-CVR in the matter styled *In the Matter of Zemula Johnson Residuary Estate Trust*.

As explained above, a bill of review, like an appeal, is a direct attack of a final judgment. By its nature, there must be a final judgment to challenge. That same final judgment cannot also act as a bar to the challenge, otherwise, bills of review, or even appeals for that matter, would never be available remedies. For this reason, res judicata does not generally bar bills of review. *Gill v. Vordokas*, 656 S.W.3d 398, 401 (Tex. App.—Houston [14th Dist.] 2022, no pet.) ("Because a bill of review has a conflicting purpose—i.e., to set aside a final judgment—res judicata is not normally a defense to a bill of review[.]"). The exception to this rule, which is discussed below, is when there has been a prior challenge to the judgment. Since the Brownings' pleadings do not allege anything about a prior challenge to the trust litigation judgments, that basis for a dismissal under Rule 91a is not conclusively established by the Brownings' pleadings.

8

Because the petition does not conclusively establish the Owens' affirmative defense, they were not entitled to a dismissal under Rule 91a. *C.V.P.G. Family Tr. v. PlainsCapital Bank, Tr. of Guerra Mineral Tr.*, No. 08-23-00320-CV, 2024 WL 2445793, at *6 (Tex. App.—El Paso May 23, 2024, no pet.) (mem. op.) (reversing a Rule 91a dismissal because the petition's allegations did not establish res judicata when the petition contained no information about the existence of a final judgment).

We sustain the Brownings' sixth issue as it pertains to the Rule 91a dismissal and reverse the trial court's Rule 91a order dismissing their suit.

## B. TCPA Dismissal and Attorney's Fees

The trial court also dismissed the Brownings' case and awarded attorney's fees pursuant to the TCPA.[1] Tex. Civ. Prac. & Rem. Code Ann. § 27.009 (requiring the court to award reasonable attorney's fees if dismissing a case under the TCPA). "The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits." *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015); Tex. Civ. Prac. & Rem. Code § 27.002 (purpose is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely . . . at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury"). Under the Act, a party can file a motion to dismiss a claim if it "is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association." Tex. Civ. Prac. & Rem. Code Ann. §27.003(a).

The parties bear shifting burdens when a TCPA motion to dismiss is filed. First, the movant must show that the TCPA applies by demonstrating that the nonmovant's claim is "based on or is

---

[1] The Owens had also requested attorney's fees in conjunction with their motion to dismiss under Rule 91a. Tex. R. Civ. P. 91a.7 (allowing for attorney's fees to be awarded to the prevailing party in a Rule 91a dismissal hearing). However, at the hearing, they withdrew that request, and the trial court's order did not award fees under that rule.

in response to" the movant's exercise of his constitutional right of association, speech, or petition. Tex. Civ. Prac. Code Ann. § 27.005(b); *Doe v. Cruz*, 683 S.W.3d 475, 487 (Tex. App.—San Antonio 2023, no pet.). If the movant meets that burden, the nonmovant must then "establish[] by clear and specific evidence a prima facie case for each essential element of its claim" after which the burden returns to the movant to "establish[] an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." Tex. Civ. Prac. Rem. Code Ann. § 27.005(c), (d). We review de novo a dismissal under the TCPA. *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 45–46 (Tex. 2021)

To meet the initial burden of showing that the TCPA applies, a movant must show a nexus between the protected rights and the claims such that exercise of the right to associate, speak, or petition is a main ingredient, fundamental part, or factual basis of the nonmovant's claim. *Ernst & Young, LLP v. Ryan, LLC*, No. 01-21-00603-CV, 2023 WL 4239350, at *8 (Tex. App.—Houston [1st Dist.] Jun. 29, 2023, pet. filed) (mem. op.); *Newstream Roanoke 6.125, LLC v. Shore*, No. 02-22-00506-CV, 2023 WL 5615871, at *4 (Tex. App.—Fort Worth Aug. 31, 2023, no pet.) (mem. op.); *Apache Corp. v. Apollo Expl., LLC*, No. 11-21-00295-CV, 2023 WL 3511262, at *3 (Tex. App.—Eastland May 18, 2023, no pet.) (mem. op.). The Owens failed to clear this hurdle.

The Owens argue that the there was a nexus between their filings in the trust litigation and the Brownings' claims because the Brownings "would not have filed the bill of review but for [the Owens'] TCPA-protected actions" of filing interventions and motions for summary judgment in the trust litigation. Such an expansive interpretation of the TCPA, however, would mean that it applies to *all* counterclaims, bills of review, and appeals because they are all in response to another party's legal action and none would be filed had the opposing party not exercised their right to petition. The Owens also point to statements the Brownings made in their petition that the trust

10

litigation was "a case of theft-by-suit" and that the Owen parties "exercised control and dominion over the property" by "seek[ing] transfer of the Interest to them as part of the Trust Litigation." However, simply making these statements does not by itself provide a nexus between the claims and the exercise of the right to petition.

Instead, the TCPA applies when the "content, substance, or communicative nature" of the court filings is the basis of the nonmovant's claims. *Hanna v. Williams*, 681 S.W.3d 416, 424–25 (Tex. App.—Austin 2023, pet. denied). For example, in *Doe v. Cruz*, Doe, the plaintiff sued Cruz for sexual assault and battery of a minor child. 683 S.W.3d at 484. His petition included a redacted photograph of Cruz in which Cruz appeared to be nude. *Id.* at 485. Cruz filed counterclaims, including one for revenge porn based on the inclusion of the photograph in Doe's filing. *Id*. The Court held that the photograph that was the basis of the counterclaim was "a communication in or pertaining to . . . a judicial proceeding" and therefore Doe met his initial burden of showing that the TCPA applied. *Id*. at 489; Tex. Civ. Prac. & Rem. Code Ann. § 27.001(4)(A)(i); *see also Hanna*, 681 S.W.3d at 424–25 (TCPA did not apply to plaintiff's suit against her former attorneys because her claims were based on the quality of her attorney's work, overbilling, and misrepresentations to her, not the communications made in the court filings.); *Walker v. Lunenberg*, 679 S.W.3d 883, 888–89 (Tex. App.—Houston [1st Dist.] 2023, no pet.) (basis of property suit was dispute about ownership and not statements or communications made in a filed warranty deed).

The nexus requirement is also met when the alleged wrongful act is the legal filing itself. In *Judwin Properties Inc. v. Lewis*, plaintiff sued the seller of property for misrepresentations about protective covenants. 615 S.W.3d 338, 341 (Tex. App.—Houston [14th Dist.] 2020, no pet.). The seller counterclaimed alleging that the plaintiff breached his contract by filing the lawsuit. *Id.* at 347. The court held that the TCPA applied because the counterclaim was based on the exercise of

11

the buyer's right to petition; *see also Serafine v. Blunt*, 466 S.W.3d 352, 360 (Tex. App.—Austin 2015, no pet.) (TCPA applied because defendants' counterclaim alleged that plaintiffs' lawsuit constituted an intentional interference with a contract was therefore based on or in response to the Plaintiffs exercise of their right to petition).

Once again, the basis of the Brownings' bill of review is that they received no service or notice in the trust litigation. They do not allege or base their claims of no service on any communication or statement made in any of the Owens' court filings. Nor did the Brownings allege that the filings (interventions and motions for summary judgment) themselves were the wrongful act. Even though the Brownings' petition describes the trust litigation as "theft-by-suit," that description does not constitute a nexus because the Brownings' cause of action was not theft. Instead, the main ingredient or factual predicate of the Brownings' bill of review is a due process violation (lack of service) that would entitle them to set aside a prior judgment. *Broder*, 2024 WL 3207501, at *8 (TCPA did not apply to equitable bill of review because it was based on alleged due process violations, not the statements that were the basis of the original defamation suit).

Because the Owens did not meet their initial burden of showing that the Brownings' bill of review was based on or in response to the Owens' exercise of the right to petition, the trial court erred in granting their TCPA motion. We sustain the Brownings fifth issue and sixth issue as it pertains to the TCPA dismissal, and we reverse the order dismissing the case and granting attorney's fees.

## C. Traditional summary judgment

Finally, the trial court also disposed of the case by summary judgment. With a summary judgment, unlike a Rule 91a dismissal, the Owens were not confined to the Brownings' pleadings and could present evidence in support of their motion. Tex. R. Civ. P. 166a(c). And unlike the

TCPA motion to dismiss, the Owens did not need to show any nexus between the Brownings' claims and the exercise of their constitutional rights. *Id.* 166a(a).

### (1) Standard of review

A party may move for traditional summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tex. R. Civ. P. 166a(c). When the movant moves for summary judgment on the other party's claims, it must conclusively negate an element of the plaintiff's cause of action. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). When the ground for summary judgment is the movant's affirmative defense, he has the burden to conclusively establish the defense. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017) The burden does not shift to the nonmovant to respond or produce evidence unless the movant meets her burden. *Draughon v. Johnson*, 631 S.W.3d 81, 87–88 (Tex. 2021).

We review summary judgments *de novo*. *Id.* In our review, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019). When the trial court does not specify in its order the ground on which it granted summary judgment, we must affirm if the judgment is proper on any ground. *FM Properties Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

The Owens' motion for summary judgment argues that the Brownings were served with citation in the trust litigation and therefore all three elements of a bill of review apply. They asserted that their evidence negated all three elements or, alternatively, that they conclusively established their affirmative defenses of res judicata and collateral estoppel. Because we hold that the Owens were entitled to summary judgment on their affirmative defense of res judicata, we

address only that ground. Tex. R. App. P. 47.1 (requiring courts of appeal to address only issues "necessary to final disposition of the appeal").

### (2) Affirmative Defense—Res Judicata

As explained above, res judicata bars the bill of review if the subject matter was or could have been litigated in a previous suit. The factual basis of the underlying bill of review is whether the Brownings were served with citation in the trust litigation. We must therefore decide whether the issue of service of citation in the trust litigation was previously litigated or could have been litigated in either of the two prior suits.

We have already explained that res judicata does not usually bar bills of review because the existence of a final judgment cannot preclude a challenge of that judgment. Therefore, the bill of review is not barred by the trust litigation judgments. However, when the final judgment was already the subject of a previous challenge, the previous challenge does bar subsequent challenges. *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980) ("a bill of review may not be used as an additional remedy after one has timely filed a motion to reinstate and a motion for new trial and has made a timely but unsuccessful appeal"); *Chandler v. Chandler*, 991 S.W.2d 367, 393 (Tex. App.—El Paso 1999, pet. denied) (prior bill of review barred further collateral attack of divorce decree); *Gill v. Vordokas*, 656 S.W.3d 398, 401 (Tex. App.—Houston [14th Dist.] 2022, no pet.) ("[R]es judicata is not normally a defense to a bill of review, except in situations where a party petitions for multiple bills of review."); *Joiner v. Vasquez*, 632 S.W.2d 755, 756 (Tex. App.—Dallas 1981, no writ) (op. on reh'g) (en banc) (holding that a bill of review was barred by a judgment in an earlier bill of review); *Alexander v. Alexander*, No. 03-12-00688-CV, 2014 WL 2211355, at *2 (Tex. App.—Austin May 23, 2014, no pet.) (mem. op.) (same); *Tompkins v. Tompkins*, No. 06-03-00067-CV, 2003 WL 23101088, at *1 (Tex. App.—Texarkana Dec. 30, 2003, no pet.) (mem. op.) (same). The

Owens' res judicata defense turns, then, on whether the Brownings' 2023 case constituted a challenge to the trust litigation judgments.

In addition to direct attacks such as appeals or bills of review, void judgments can also be challenged by collateral attack. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012); *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex. 1985). Unlike a direct attack which has the "purpose of correcting, modifying, or vacating the judgment," a collateral attack "is an attempt to avoid the effect of a judgment . . . in order to obtain some specific relief which the judgment currently stands as a bar against." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). A collateral attack can take many different forms. It can be raised as a defense to enforcement of the prior judgment. *Sweetwater Austin Properties, L.L.C. v. SOS All., Inc.*, 299 S.W.3d 879, 885 (Tex. App.—Austin 2009, pet. denied) ("Examples of collateral attacks include a defendant's attempt to deny the existence of a judgment debt in an enforcement action on the judgment[.]"). Or it can be part of a suit seeking affirmative relief that requires the court to determine that the prior judgment is invalid. *Id*. ("We recognize the existence of case law indicating that a collateral attack is *any* proceeding to avoid the effect of a judgment."); *Luttrell v. El Paso Cnty.*, 555 S.W.3d 812, 828 (Tex. App.—El Paso 2018, no pet.) ("in some instances, a party may bring a collateral challenge to a judgment in a declaratory judgment proceeding, seeking to have the judgment declared void and set aside"); *Schmidt v. Stanolind Oil & Gas Co.*, 332 S.W.2d 743, 744 (Tex. App.—Texarkana 1960, no writ) (finding that a trespass to try title suit was a collateral attack on a former judgment).

The petition filed by the Brownings in their 2023 suit acknowledged that there were final judgments regarding the ownership of the trust property, but they alleged that the actions in that case were taken without their knowledge and without any notice to them. Despite the prior

judgments, the Brownings requested that the trial court quiet title in them. Because the 2023 suit sought to avoid the effect of the trust litigation judgments, it was a collateral attack. *Biaza v. Simon*, 879 S.W.2d 349, 354 (Tex. App.—Houston [14th Dist.] 1994, writ denied), abrogated on other grounds by *In re Luster*, 77 S.W.3d 331 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (holding that a trespass to try title suit was a collateral attack because "[i]n order to have a chance to succeed in their trespass to try title action, appellants must prove that the divorce decree is invalid"). The 2023 case concluded with a final judgment of dismissal with prejudice against the Brownings. *Montoya Frazier v. Maxwell*, No. 02-23-00103-CV, 2025 WL 494699, at *27 (Tex. App.—Fort Worth Feb. 13, 2025, pet. filed) ("a TCPA dismissal *is* a merits judgment and carries res judicata implications"); *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Services, Inc.*, 500 S.W.3d 26, 40 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (same). The Brownings appealed that decision but voluntarily dismissed it. *Browning Family Mineral P'ship*, 2024 WL 525403, at *1; Tex. R. App. P. 42.1.

In summary, the Brownings 2023 suit was a collateral attack on the trust litigation judgments. Because the Brownings had previously challenged the trust litigation judgments, their later-filed bill of review was barred by res judicata. We overrule the Brownings fourth issue and sixth issue as it pertains to the summary judgment. We affirm the trial court's summary judgment on the ground that the Owens conclusively proved their affirmative defense.

## IV. Conclusion

In light of our disposition, we do not address the Brownings' first through third issues regarding service of citation in the trust litigation and the construction of Frank's will.

We reverse the orders dismissing the case under Rule 91a and the Texas Citizens Participation Act and render judgments denying those motions. However, we affirm the trial court's

summary judgment. Because that judgment finally disposes of all the Brownings' claims, we do not remand to the trial court for further proceedings.

MARIA SALAS MENDOZA, Chief Justice

October 21, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.